**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03442 JAK (SPx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | Pacific Value Opportunities Fund II LP v. Srboui Eskidjian | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (Dkt. 5)**

1. Background

On March 20, 2013, Pacific Value Opportunities Fund II, L.P. ("Plaintiff") brought this Unlawful Detainer action against Srboui Eskidjian ("Defendant") in the Los Angeles County Superior Court. Dkt. 5. Plaintiff alleges that it is the owner of the property located at 410 S. Bel Aire Drive, Burbank, CA 91501 (the "Premises") and that Defendant, who does not have a right to possession, has refused to leave the Premises, notwithstanding a written demand that he do so. *Id*. Accordingly, through this action, Plaintiff seeks possession of the Premises and damages for each day that Defendant remains in possession. *Id*.

On May 14, 2013, Defendant removed this action to this Court on the basis of alleged federal question jurisdiction. Dkt. 1. On May 22, 2013, Plaintiff filed a motion to remand the action (the "Motion"). Dkt. 5. Defendant has not filed any opposition to the Motion, which is set for hearing on July 15, 2013. *Id.* The Court has considered the matters raised by the Motion and has concluded that, pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Motion can be decided without oral argument. Consequently, the Court takes the July 15, 2013 hearing off calendar and issues this written ruling.

For the reasons stated in this Order, the Motion to remand is GRANTED, and attorney's fees against Defendant are AWARDED in the amount of $2,666.25.

2. Analysis

    a. The Motion to Remand

Plaintiff's Motion should be granted for several reasons.

*First*, as noted, Defendant has not filed any opposition to the Motion. *See* Dkt. 12. Under Local Rule 7-12, "the failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." This alone provides a sufficient basis to grant the Motion.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03442 JAK (SPx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | Pacific Value Opportunities Fund II LP v. Srboui Eskidjian | | |

*Second*, the notice of removal was not timely. The removing party must file a removal notice within 30 days of receiving a copy of the complaint. 28 U.S.C § 1446(b). Defendant was served with the complaint on March 22, 2013. Dkt. 5, Exh. 1. The notice of removal was not filed until May 14, 2013. Dkt. 1. Because more than 30 days elapsed between service of the complaint and the filing of the notice of removal, it was untimely.

*Third*, no federal question jurisdiction is present in this case. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (internal quotations and citations omitted). In this case, the complaint does not include a cause of action that arises under federal law. Unlawful detainer actions, which concern the right to the possession of real property, arise under state law. Although Defendant claims to raise multiple defenses that are based on federal laws and has filed a separate federal action regarding the Premises (*Eskidjian v. Washington Mutual et al.*, CV13-3163 JAK (VBKx)), that is not a basis for federal question jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983); *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

      b.  The Request for Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Attorney's fees may be awarded when the removing party had no objectively reasonable basis for removing the action. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

For the reasons stated above, Defendant had no objectively reasonable basis to remove this action. That Defendant did not file the notice of removal in a timely manner, or advance any appropriate basis for federal jurisdiction, demonstrates that this is an action that clearly "falls outside federal question jurisdiction." *See Bank of Am., N.A. v. Engler*, CV 11-01457 MMM SPX, 2011 WL 5909884 (C.D. Cal. Nov. 28, 2011); *see also IndyMac Federal Bank, F. S.B. v. Ocampo*, No. EDCV 09–2337 PA (DTBx), 2010 WL 234828, *2 (C.D.Cal. Jan. 13, 2010). Moreover, Defendant's counsel conceded that the removal was untimely, but Defendant still refused to stipulate to remand of the case. Dkt. 5, Kanter Decl. ¶ 5. Therefore, Defendant had no objectively reasonable basis for removing the action to federal court, and an award of attorney's fees is appropriate.

Plaintiff's counsel has submitted certain evidence in support of the request for attorney's fees and costs. This includes a declaration by Nicholas Kanter, counsel for Plaintiff, detailing his work in connection with this action. He states that his work included numerous telephone calls and emails to counsel for Defendant, reviewing the notice of removal and related documents, drafting a proposed stipulation to remand the case, and drafting the Motion. Dkt. 5, Exh. 1, ¶¶ 4-8. Plaintiff's counsel also submitted copies of emails he sent to counsel for Defendant and a copy of the proposed stipulation to remand the case. Dkt. 5, Exh. 2-5.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-03442 JAK (SPx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | Pacific Value Opportunities Fund II LP v. Srboui Eskidjian | | |

The Court has considered the work performed as well as the hourly rate that was charged by Plaintiff's counsel. Thus, the request seeks the recovery of 6.75 hours of work, billed at the hourly rate of $395. Both the hourly rate and the hours worked are reasonable. The hourly rate is supported by the experience of Plaintiff's counsel and by the range of rates charged by counsel within this District. The 6.75 hours are reasonable for the work that was performed. Thus, Defendant declined to agree to remand the action voluntarily and the amount of time spent conferring with Defendant's counsel about the Motion, and then preparing the Motion as well as the Notice of Non-Opposition, was reasonable. Plaintiff's counsel also sought an award of an estimated 3 hours of work that would have been necessary to prepare for, and attend a hearing on, the Motion. Because there was no hearing, these hours were not incurred and are not included in the fee award. Therefore, attorney's fees in the amount of $2,666.25 are awarded -- 6.75 hours x $395 per hour = $2,666.25.

   3.   Conclusion

For the foregoing reasons, the Motion is GRANTED. This action is remanded to the Los Angeles County Superior Court, at its Pasadena Courthouse, Case No. 13P00316. Defendant is ordered to pay Attorney's fees in the amount of $2,665.25 to plaintiff within 30 days of the issuance of this Order.

**IT IS SO ORDERED.**

                                                                                                        :

                                                            Initials of Preparer    ak